Kevin S. Sinclair, NV Bar No. 12277
 ksinclair@sinclairbraun.com
SINCLAIR BRAUN LLP
16501 Ventura Blvd, Suite 400
Encino, California 91436
Telephone: (213) 429-6100
Facsimile: (213) 429-6101

Attorneys for Defendant
NORTH AMERICAN TITLE INSURANCE COMPANY

DESIGNATED LOCAL COUNSEL FOR SERVICE
PER L.R. IA 11-1(b)

Gary L. Compton, State Bar No. 1652
2950 E. Flamingo Road, Suite L
Las Vegas, Nevada 89121

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>                Plaintiff,<br><br>     vs.<br><br>NORTH AMERICAN TITLE INSURANCE COMPANY,<br><br>                Defendant. | Case No.: 2:22-cv-00547-GMN-BNW<br><br>**SIGNED STATEMENT REGARDING REMOVED CASE** |

TO THE ABOVE CAPTIONED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

The undersigned attorney of record for defendant North American Title Insurance Company ("NATIC") hereby submits the following signed statement regarding this removed case, pursuant to this Court's April 1, 2022 order:

**1. The date on which you were served with a copy of the complaint.**

NATIC is informed and believes that plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") served a copy of the complaint in this action on NATIC on April 6, 2022.

//



**2. The date on which you were served with a copy of the summons.**

NATIC is informed and believes that Deutsche Bank served a copy of the summons in this action on NATIC on April 6, 2022.

**3. In removals based on diversity jurisdiction, the names of any served defendants who are citizens of Nevada, the citizenship of the other parties, and a summary of defendant's evidence of the amount in controversy.**

NATIC is a South Carolina corporation with its principal place of business in Florida. Thus, it is a citizen of South Carolina and Florida. 28 § 1332(c)(1).

Deutsche Bank alleges in paragraph 1 of its complaint that it is a national banking association chartered under the laws of the United States with its main office in the state of California. It is therefore a California citizen for purposes of diversity of citizenship. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 319 (2006) (national bank association is citizen of state where its main office is located).

Thus, there is complete diversity of citizenship between and among the parties (as the plaintiff is a citizen of California, whereas the defendant is a citizen of South Carolina and Florida).

Deutsche Bank alleges that New Century Mortgage Corporation ("New Century") made a $273,992 loan (the "Loan") to Vincent Vray Tes ("Borrower") which was secured by a deed of trust (the "Deed of Trust") recorded against the Borrower's residence, located at 5916 Post Mountain Street in North Las Vegas (the "Property"). (Compl. ¶¶ 70, 83, 85.) Deutsche Bank alleges that NATIC issued a policy of title insurance to New Century (the "Policy") in conjunction with New Century's origination of the Loan to the Borrower. (Id. at ¶ 88.) Deutsche Bank contends that it is the assignee of both the note evidencing the Loan (the "Note") and the Deed of Trust., and that as a result, it is now the insured under the Policy. (Id. at ¶¶ 87-88.)

Deutsche Bank alleges that the HOA for the Property foreclosed on a superpriority assessment lien on or about December 12, 2013, and that Deutsche Bank then filed an action against the winning bidder to quiet title to the Property, District of Nevada Case No. 2:15-cv-02420-APG-EJY (the "Underlying Action"). (Compl. ¶¶ 115, 118.) According to paragraphs 33

and 34 of Deutsche Bank's complaint in the Underlying Action, the amount due on the Loan at the time of the foreclosure sale "exceeded $264,000" and the "fair market value of the Property exceeded $167,000."

Deutsche Bank alleges in this action that NATIC breached the Policy by not defending Deutsche Bank in the Underlying Action and by not indemnifying Deutsche Bank for its purported losses. By its first cause of action, Deutsche Bank seeks a judicial declaration that "Deutsche Bank is entitled to a declaration that the Policy provided coverage for all losses or damages, up to the Amount of Isnurance…" (Compl. ¶ 181.) Because the amount of insurance is $273,992, the amount in controversy on this cause of action, alone, exceeds the $75,000 jurisdictional minimum of the District Court. (Compl, Ex. 1.) Additionally, by its remaining causes of action, Deutsche Bank apparently seeks to recover as damages the losses it claims to have sustained on the Loan (i.e., a sum that "exceeded $264,000" more than eight years ago, and has only continued to climb since the Borrower lost his home to foreclosure), the losses it claims to have sustained as a result of its inability to foreclose on the Property (which was worth more than $167,000 eight years ago), the attorneys' fees Deutsche Bank claims to have incurred in the Underlying Action, and the attorneys' fees Deutsche Bank incurs in this action. Thus, the amount in controversy on the remaining claims also exceeds $75,000.

**4. If your notice of removal was filed more than 30 days after you first received a copy of the summons and complaint, the reason removal has taken place at this time and the date you first received a paper identifying the basis for removal.**

Not applicable.

**5. In actions removed on the basis of the court's jurisdiction in which the state court action was commenced more than one year before the date of removal, the reasons this action should not summarily be remanded to the state court.**

Not applicable.

//

//

//



**SIGNED STATEMENT REGARDING REMOVED CASE**

6. **The name of any defendant known to have been served before you filed the notice of removal who did not formally join in the notice of removal and the reason they did not.**

Not applicable.

Dated:  April 18, 2022                                SINCLAIR BRAUN LLP


                                                      By:  /s/-Kevin S. Sinclair
                                                           KEVIN S. SINCLAIR
                                                           Attorneys for Defendant
                                                           NORTH AMERICAN TITLE INSURANCE
                                                           COMPANY



**SIGNED STATEMENT REGARDING REMOVED CASE**